## McGOVERN *v.* ELDREDGE *et al.*

(*Common Pleas of New York City and County, General Term.* November 7, 1892.)

1. APPEAL—FROM DISTRICT COURT—WEIGHT OF EVIDENCE.
    The court of common pleas cannot reverse a judgment of a district court on the ground of alleged insufficiency in the evidence if it affirmatively appears from the justice's return that material evidence adduced on the trial is omitted, and that respondent could not have caused the omission to be supplied by means of an amended return.

2. SAME—SUPPLYING LOST EVIDENCE.
    Where such material evidence is not returned because it has been lost, the only remedy for the aggrieved party is, when the appeal is from a judgment of a justice's court or district court in the city of New York, to make application to reproduce the evidence by affidavits or witnesses before the appellate court, as provided for in Code Civil Proc. §§ 3056, 3213.

Appeal from ninth district court.

Action by James McGovern, a subcontractor, against Jean M. Eldredge and another, owner and contractor, for the foreclosure of a mechanic's lien claimed under the provisions of chapter 342, Laws 1885, the defense of the owner being payment to the contractor in full before notice of plaintiff's lien was filed, and that the defendant contractor had not fully and substantially performed the agreement with the owner. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before BISCHOFF and PRYOR, JJ.

*M. Cleiland Milnor*, for appellants. *Sweeney & Cromwell*, for respondent.

BISCHOFF, J. We cannot reverse a judgment of a district court on the alleged ground that it is without evidence to support it, or that it is against the evidence or the weight of the evidence, if it affirmatively appears from the justice's return that material evidence adduced on the trial is omitted, and that respondent could not have caused the omission to be supplied by means of an amended return. On the trial plaintiff's notice of lien, the agreement entered into between defendant Eldredge, as owner, and defendant Lum, as contractor, for alterations to the former's premises, and the specifications referred to in and made a part of the agreement, were received in evidence, and their relevancy, materiality, and competency thereby conceded. The trial justice's return, however, states that these exhibits are not therein included, because they have been lost. We have no means, therefore, of knowing their contents. The evidence omitted may be conclusive of plaintiff's right to recover. The judgment is presumptively valid until the contrary is shown, and the burden of doing so rests upon the party claiming to be aggrieved by the judgment. In urging the evidence presented by the return as proof of its insufficiency appellant is at the same time compelled to concede that other material evidence is withheld. The judgment is therefore still supported by the presumption that the evidence withheld was sufficient, and this presumption must be overcome by the apparent insufficiency of the evidence when it is produced. Section 3056 of the Code of Civil Procedure, referring to appeals from judgments of the justices' courts, provides that if for any reason the justice is unable to make a return, "the appellate court may receive affidavits, or examine witnesses, as to the evidence and other proceed-

ings taken and the judgment rendered before the justice, and may determine the appeal as if a return had been duly made by the justice;" and by section 3213 the foregoing provisions are made equally applicable to appeals from the district courts in the city of New York. *Clark* v. *Carroll*, 61 How. Pr. 47. Had appellant, on the argument of this appeal, made application to that effect, it is probable that permission would have been given to the parties to establish the contents of the lost exhibits by secondary evidence, and by means of it we would have been enabled to dispose of the questions urged on behalf of the appellant for reversal. As it is, the judgment must be affirmed.

Judgment affirmed, with costs.