RICHARD E. LEES et al., Respondents, *v.* EARL D. SANFORD, Appellant.

Fourth Department, June 28, 1944.

*Oscar J. Brown* for appellant.

*Theodore M. Coburn* for respondents.

HARRIS, J. This is an appeal from an order of the Cayuga County Court which order affirmed an order and judgment of the Justice of Peace Court in the Town of Conquest, Cayuga County. The order of the Justice's Court was one in summary proceedings to dispossess and was accompanied by a judgment for unpaid rent and costs. The proceeding was originally brought on a petition for removal of a tenant for failure to pay rent after default and demand. Such petition sets forth a lease of a term of four years at a monthly rental. It is evident that such lease was never signed. By answer the then respondent, now appellant, denied the making of the lease and asserts that possession had been gained under a contract of purchase, that such contract was induced by fraudulent representations, and that by reason of such fraudulent representations the respondent was damaged, and demand was made for judgment for such damage. There is no proof in the record of any contract to purchase, except what is contained in the proposed lease, nor of the notice of an acceptance of purchase. The grounds of the appeal to the County Court and those now before us are two in number, point II, appellant's brief, that the proceeding has no basis in law and that the appellant is entitled to reversal of the judgment and dismissal of the proceeding; and point I, appellant's brief, that no evidence was included in the return of the Justice of Peace, and therefore the Appellate Court would be unable to pass on the evidence and its sufficiency to sustain the verdict of the jury.

As to point II of appellant's brief, this is to be said: It can be gathered from the petition, the answer, the reply, the proposed lease and the other exhibits of payments that the appellant, who was respondent in the Justice of Peace Court, entered into possession of the premises the first day of April, 1941, and remained therein until the bringing of the summary dispossess proceeding, and that he made certain payments to the petitioners (respondents here). Apparently the jury found that he was not a purchaser, that he was a tenant who held (because the lease was not signed) either by will, a yearly tenancy, or from month to month, and that he had failed to pay the monthly rent until it had accumulated to the sum demanded in the petition and granted in the judgment of $350. This being so, the proceeding would lie and would be a proper basis for the order and judgment of the Justice's Court.

Whether point I of his brief is of any avail to the appellant arises from this situation: After the order and judgment of the Justice of Peace Court, appeal was taken to the County Court. There was no return filed. On motion and on order the Justice made a return. Such return did not contain any evidence. On motion based on an affidavit a further order was made directing the Justice of Peace to show cause why an order should not be made requiring the Justice to amend his return in accordance with the allegations of said affidavit in the particulars designated " a, b, c, d, and e "; and why the respondent-appellant should not have such other, further or different relief as to the court may seem just and proper.

" b " was that the return of the Justice utterly fails to include any of the evidence taken at the proceedings. An order was made directing the filing of the evidence and it then appeared that no notes were taken of the trial testimony by the Justice. The return was amended by stipulation to cover the other items demanded by the appellant and thus we have the record including the exhibits and information that motions were made for dismissal. The question involved is whether it was necessary to have the evidence taken down and transcribed and included in the return, and whether the failure so to do vitiated the proceedings so far as appeal is concerned. There is some discussion in the briefs and in the opinion as to the necessity of a justice taking down testimony when the trial is by jury. This is required and both on jury and nonjury trials in Justice's Court. (Justice Ct. Act, § 438; L. 1920, ch. 937.) On the filing of an improper return, the Appellate Court may direct a further amended return as often as is necessary. (Justice Ct. Act,

§ 440.) Here is a case in which the Justice could not file the evidence with his return because it was not taken down by him. The appellant argues that the appeal should have been dismissed. It is to be noted that he made no motion to strike out the return (*Dombek* v. *Carlson*, 162 N. Y. S. 1106) so that when the County Court heard the appeal he had a return before him. The appellant cites certain cases which he says cover the situation, but they do not. The failure to take down the evidence and therefore its lack in the return was not fatal to the respondents' cause on the appeal, providing there was sufficient to indicate to the Appellate Court what issues were tried and disposition made of the same by the jury. (Justice Ct. Act, § 441.)

Section 441 reads as follows: " If the justice dies, becomes a lunatic, absconds, removes from the state, or otherwise becomes unable to make the return, the appellate court may receive affidavits, or examine witnesses, as to the evidence and other proceedings taken, and the judgment rendered, before the justice; and may determine the appeal as if a return had been duly made by the justice."

Note the words " If the justice * * * becomes unable to make the return ". Here we have a case where the Justice was unable to make the return, including the evidence, because no evidence was taken down. That the lack of written evidence is no bar to an appeal where the court can decide without the evidence being taken in the Justice's Court before the Appellate Court is substantiated by the following cases . *Valentine* v. *Kelley* (54. Hun 78 [1889] ). In that case there arose a question of the Justice having visited the jury room alone during deliberations of the jury. *Walker* v. *Baermann* (44 App. Div. 587 [2nd Dept. 1899] ). Motion to compel further or amended return. The stenographer's minutes were lost. *Walker* v. *Baermann* (47 App. Div. 635). Judgment of Municipal Court affirmed. *McGovern* v. *Eldredge* (1 Misc. 170 [C. P. 1892]). Appeal from District Court of New York City. *Lidgerwood Mfg. Co.* v. *Rogers* (24 J. & S. 350, 355 [Super. Ct. N. Y. City, 1889], appeal dismissed, 130 N. Y. 660). Appeal from order denying motion to set aside verdict and for new trial — order affirmed.

It is to be noted that section 441 of the Justice Court Act, now in force, was formerly section 3056 of the Code of Civil Procedure.

The County Court on the appeal had and we now have before us a judgment of the Justice's Court. There is the presumption that such judgment is regular. In addition to such

presumption of regularity, the pleadings and the exhibits and the remainder of the record carry the thought that there was a trial of the issues of (1) lease, or contract of purchase; (2) nonpayment. It is plain to see from the record that these issues were decided on sufficient evidence in favor of the petitioners-respondents. The decision of the County Court should be affirmed.

All concur. Present — CUNNINGHAM, P. J., TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Order affirmed, with costs.